UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN,<br><br>        Plaintiffs,<br><br>   vs.<br><br>C. KING,<br><br>        Defendant. | 1:16-cv-01597-LJO-GSA-PC<br><br>ORDER STRIKING DOCUMENTS AS IMPROPERLY FILED<br>(ECF Nos. 10, 11, 12, 13.)<br><br>ORDER INFORMING PLAINTIFF OF HIS RIGHT TO FILE AN AMENDED COMPLAINT AS A MATTER OF COURSE<br><br>THIRTY-DAY DEADLINE TO FILE A FIRST AMENDED COMPLAINT<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM |

     Kenneth R. Calihan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On October 24, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) The Complaint awaits the Court's requisite screening under 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

     On November 28, 2016 and December 2, 2016, inmate Matthew B. Cramer ("Cramer"), who is not a party to this case, filed two nearly identical[1] documents each titled "Notice of

---

[1] The two notices are identical except for some variation in the exhibits attached.

1

Liability for Retaliation Action," requesting that "all E-Facility Staff" be barred from soliciting staff or other inmates to participate in retaliation. (ECF Nos. 10, 12.) Cramer's name and address, not Plaintiff's, appear at the top of each of the notices. In the case caption of each notice, Cramer's name has been added as a plaintiff to this action, and new defendants have also been added. (Id.) Cramer and Plaintiff both signed the November 28, 2016 notice, (ECF No. 10 at 6); however, Cramer alone signed the December 2, 2016 notice, (ECF No. 12 at 6).

On December 2, 2016, inmate Cramer filed a motion to proceed in forma pauperis in this case. (ECF No. 11.)

On December 2, 2016, inmate Cramer filed a motion to amend the Complaint to add himself as a plaintiff to this case. (ECF No. 13.) Plaintiff signed the motion, but Cramer's name and address appear at the top of the motion, and Cramer's name has been added to the case caption as a plaintiff to this action.

**II       DISCUSSION**

The four documents submitted on November 28, 2016 and December 2, 2016 were improperly filed in this action because Cramer is not a party to this action and may not represent Plaintiff or file documents in this action. A non-lawyer may not represent anyone but himself or herself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff is proceeding pro se in this action, which signifies that Plaintiff is acting as his own attorney in the litigation of this action. While inmate Cramer is not precluded from assisting Plaintiff and other inmates with litigation, Bounds v. Smith, 430 U.S. 817, 823, 97 S.Ct 1491 (1977), he may not, as a non-lawyer, represent anyone but himself in court and may not file documents in this action on Plaintiff's behalf, or on his own behalf as a non-party litigant.

Moreover, third parties may not appear as parties to a pending action simply by adding their names to the case caption as plaintiffs or defendants, and Plaintiff may not add plaintiffs or defendants to this case simply by adding their names to the case caption. Plaintiff's Complaint in this case now proceeds with only one plaintiff (Kenneth R. Calihan) and one defendant (C. King). (ECF No. 1.) Therefore, the four documents filed in this case on

November 28, 2016 and December 2, 2016, (ECF Nos. 10, 11, 12, 13), shall be stricken from the record as improperly filed.[2]

To add plaintiffs or defendants to the Complaint at this stage of the proceedings, Plaintiff must file an amended complaint. Plaintiff may file an amended complaint in this case as a matter of course.[3] However, Plaintiff is advised that if he adds a new pro se prisoner/plaintiff to this case, it is likely that the Court will sever the new plaintiff's claims and open a new, separate case for the new plaintiff, for which a filing fee must be paid. This is because in the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are in custody presents procedural problems that cause delay and confusion. Delay can arise from the transfer of prisoners to other facilities or institutions and the changes in address that occur when prisoners are released from custody. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Courts have broad discretion regarding severance to prevent delay or prejudice. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Lennar Mare Island v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM-KJN, 2013 WL 6623855, *2 (E.D.Cal. Dec. 16, 2013).

Plaintiff shall be granted thirty days in which to file an amended complaint, if he wishes.[4] If Plaintiff chooses to amend the Complaint, he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42

---

[2] A document which is "stricken" will not be considered by the court for any purpose. (Informational Order, ECF No. 3 at 2:7-8.)

[3] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

[4] If Plaintiff does not file an amended complaint pursuant to this order within thirty days, the Court shall assume that Plaintiff rests on the original Complaint.

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after October 24, 2016, the date the original Complaint was filed. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.[5] George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that were exhausted prior to the initiation of this suit on October 24, 2016.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

III. **CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The four documents filed in this case on November 28, 2016 and December 2, 2016, (ECF Nos. 10, 11, 12, 13), are STRICKEN from the record as improperly filed;

---

[5] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607).

2. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;

3. Plaintiff is granted thirty days from the date of service of this order in which to file a First Amended Complaint using the court's form;

4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:16-cv-01579-LJO-GSA-PC, and be an original signed under penalty of perjury;

5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

6. If Plaintiff does not file an amended complaint within thirty days, the Court shall assume that Plaintiff rests on the original Complaint filed on October 24, 2016.

IT IS SO ORDERED.

Dated:   **January 4, 2017**                        **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE